## Bonk v. Block

On October 24, 1979, defendants filed a motion for sanctions based upon plaintiffs' failure to respond to expert witness interrogatories which were served on or about May 25, 1979. On November 5, 1979, we entered an order granting plaintiffs 30 days to answer the interrogatories and deeming all objections to the interrogatories waived inasmuch as none were filed within 30 days of service. We further provided that should plaintiffs fail to comply with the order, any defendant could petition that a judgment of non pros be entered in his favor.

On November 7, 1979, plaintiffs' answer and new matter to motion for sanctions was received. Plaintiffs recited that they had encountered difficulty in retaining an expert witness to testify on their behalf and requested 180 days' additional time to secure an expert witness.

On November 13, 1979, plaintiffs informally requested reconsideration of our November 5, 1979 order in light of their answer and new matter, asked that the answer and new matter be filed nunc pro tunc, and challenged our ruling that all objections had been waived, citing DeMontagne v. Albert Einstein Medical Center, 1 D. & C. 3d 604 (Phila. Co. 1977). On December 5, 1979, plaintiffs filed answers to the interrogatories, stating in essence that no expert had yet been retained and that upon retention of an expert, the answers would be amended. Further, plaintiffs filed objections to interrogatory 6, which requested all cases in which

any proposed trial expert had testified in the past five years, and to interrogatory 7, which sought the names of all experts consulted by plaintiffs who were not expected to testify.

In response to plaintiffs' answers and objections to the interrogatories, defendants filed petitions for entry of judgment of non pros on January 7, 1980 and January 10, 1980, contending that plaintiffs violated our order of November 5, 1979, by filing objections and asserting that because no medical expert has yet been retained, defendants are entitled to entry of judgment of non pros. Plaintiffs answered these petitions on January 29, 1980, contending that the answers given were as complete and accurate as possible under the circumstances and that they cannot identify an expert without access to certain medical records which plaintiffs requested on December 10, 1979, to which request defendant hospital objected on January 7, 1980, on grounds that the request was burdensome and procedurally untimely.

In conjunction with this attempt to secure medical records, plaintiffs included new matter in their answer to defendant-hospital's petition for non pros consisting of the following motions: (1) motion to compel full and complete answers to interrogatories (seeking more specific answers to interrogatories served upon the hospital on or about February 1, 1979); (2) motion to strike objections (seeking to compel production of the medical records requested on December 10, 1979); and (3) motion for sanctions (seeking counsel fees in connection with the answer to the petition for judgment of non pros). Defendant-hospital responded to these motions by filing an answer on February 11, 1980.

To further complicate this procedural morass, on December 28, 1979, defendant Block filed a counterclaim against plaintiffs for payment of his fee. Plaintiffs filed preliminary objections to the counterclaim asserting we lack subject matter jurisdiction over such matters. To dispose of this matter summarily, we merely note that plaintiffs' position is correct. See Loverdi v. Mercy Catholic Medical Center, M77-0383 (opinion of the administrator dated November 1, 1978). We shall deal with the remaining motions in the order in which we have recounted them.

Initially, we note that the instant action was begun over two years ago. The Supreme Court, by order dated November 19, 1979, regarding prompt certification for trial of civil cases, has imposed a 240-day time frame within which all civil cases before the courts must be certified ready for trial. See Vol. 9, Pennsylvania Bulletin, page 3936, published December 1, 1979. Along this line, we recently adopted a one-year rule for filing of Certificates of Readiness effective February 12, 1980. See 37 Pa. Code §171.123, adopted at Vol. 10, Pennsylvania Bulletin, page 690, published February 9, 1980.

The new rules also provide, in effect, that all time limits for completion of discovery previously imposed are removed. See 37 Pa. Code §171.33 (10 Pa.B. 692). Should a party wish to terminate discovery, he must now follow the procedure set forth in 37 Pa. Code §171.33 and §171.71 (10 Pa.B. 692).

It is our intention to strictly enforce these rules and require prompt disposition of all claims filed before us. Nevertheless, inasmuch as plaintiffs' answer to the motion for sanctions was filed just

two days after entry of our order and undoubtedly mailed prior to receipt of it, we feel the order should be vacated and the motion should be considered in light of plaintiffs' answer and new matter. Accordingly, defendants' petitions for entry of judgment of non pros must be dismissed without prejudice.

The DeMontagne case, upon which plaintiffs rely in filing objections to the expert interrogatories, is of no moment to our disposition of the instant issues since it predated the present rules of discovery. The rules now provide that all objections to interrogatories *shall* be filed within 30 days from service thereof: Pa.R.C.P. 4006(a)(2). Inasmuch as plaintiffs' objections were not timely filed, they must be deemed waived. Accordingly, interrogatory 7 shall be answered within ten days from the date this opinion and accompanying order are certified from the record or judgment of non pros will be entered upon petition of any defendant.

While we are loath to compel disclosure of names and addresses of experts specially consulted, but not expected to testify, particularly in view of the express language of Pa.R.C.P. 4003.5(a)(3) protecting the names of such experts from discovery, we note that not only did plaintiffs fail to file their objection when the question was propounded, they also failed to raise it in their answer to the motion for sanctions. In fact, paragraph 5 of the new matter contained in their answers avers that defense counsel were notified that *the expert interrogatories* would be answered.

As to the remaining interrogatories, plaintiffs requested an extension of 180 days for supplying defendants with the names of their proposed experts. At the time the motion for sanctions was filed, the

action was nearly two years old—twice the time within which a certificate of readiness must now be filed after instituting suit. In addition, the recent flurry of motions and petitions has caused an additional three months of delay.

However, because we recognize that in some instances it may be extremely difficult for a plaintiff to retain an expert witness in an action brought against a fellow physician, and in view of plaintiffs' averment that competent physicians, who are not willing to testify, have advised them that defendants were negligent, we are willing to accord plaintiff additional time to conscientiously seek a trial expert. Therefore, plaintiffs are directed to fully and completely respond to interrogatories 1, 2, 3, 4, 5, and 6 within 90 days from the date this opinion and accompanying order are certified from the record or be barred from introducing expert testimony at the arbitration hearing in this case upon petition of a defendant.

As to plaintiffs' motion to compel, we note that no reasons have been assigned to explain plaintiffs' contention that the hospital's answers are incomplete. Further, the hospital filed these answers on March 12, 1979. We find it odd that plaintiffs' dissatisfaction with the answers took nearly a year to surface, and then only in response to petitions which would have brought the action to an end. Accordingly, the motion to compel is denied.

By the same token, defendant hospital's objections to plaintiffs' request for production of documents contain no concrete reasons why such records are not discoverable. The fact that a petition seeking judgment of non pros is pending has no effect upon other pretrial matters. For these rea-

sons, defendant hospital shall, within ten days from the date this opinion and accompanying order are certified from the record, supply the requested documents or suffer imposition of appropriate sanctions upon petition of plaintiffs.

Plaintiffs' motion for sanctions, which seeks counsel fees in connection with answering defendants' petitions, is denied. Accordingly, we enter the following

### ORDER

And now, February 22, 1980, is is hereby ordered and decreed that the instant action shall proceed as set forth in the foregoing opinion.